ON APPLICATION FOR REHEARING
PER CURIAM.
In an application for rehearing, Granville Dillard properly points out that in reversing the trial court’s judgment and remanding the matter for further proceedings on GEICO’s third party demand, we neglected to state that plaintiff has likewise pleaded a viable cause of action against INA and Admiral Insurance Company for underin-sured motorist benefits.
By supplemental and amended petitions in his action against GEICO, Dillard named INA and Admiral as additional defendants to recover the “full sum of combined limits all policies of underinsured motorist coverage issued by all defendants_”. Admiral and INA’s exceptions of no cause and no right of action and motions for summary judgment were directed against Dillard’s amended petitions as well as GEICO’s third-party demands. The trial court’s judgment maintained the exceptions and motion for summary judgment against both Dillard and GEICO and dismissed INA and Admiral from the suit. Both Dillard and GEICO have appealed.
Although the reasoning set forth' in our original opinion primarily addresses the issue of the viability of GEICO’s third party demand, our holding and its rationale apply *1084 with equal force to plaintiffs claims against INA and Admiral. Through oversight, we failed to express our intent to remand the matter for trial on plaintiffs demands against the defendant insurers, as well as GEICO’s third party demand against INA and Admiral.
Accordingly, for the reasons expressed in our original opinion, we recast our decree as follows:
“Having so concluded, we reverse and set aside the trial court’s judgment dismissing plaintiff Granville Dillard’s main and GEICO’s third party demands against INA and Admiral, and remand this matter for further proceedings consistent herewith.”
The application for rehearing filed by Admiral Insurance Company and Insurance Company of North America is denied.